# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ALFRED GEARY and PATRICIA GEARY, | : <br> : <br> : CIVIL ACTION <br> : |
| Plaintiffs, | : <br> : |
| v. | : No. 17-2468 <br> : |
| WELLS FARGO BANK, N.A., | : <br> : |
| Defendant. | : <br> : |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                            **JULY 31, 2017**

       Presently before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss the Complaint, Plaintiffs Alfred Geary and Patricia Geary's ("the Gearys") Response to Wells Fargo's Motion, and Wells Fargo's Reply in Further Support of its Motion. For the reasons noted below, we grant Wells Fargo's Motion.

## I.    BACKGROUND

       In January 2013, Alfred Geary began receiving unsolicited emails from Wells Fargo, titled, "Mortgage Rate Monitor Alert," which purported to offer a special discounted, reduced mortgage refinance rate. (Compl. ¶¶ 4, 5.) In response to the emails, the Gearys commenced discussions with Brian Dooley ("Dooley"), a Wells Fargo representative, regarding refinancing their mortgage. (Id. ¶ 6.) The Gearys claim the discussions with Dooley culminated in an agreement between Wells Fargo and themselves to refinance their existing mortgage through Wells Fargo at a "locked in" rate of two and a half percent. (Id. ¶ 7.) The Gearys aver that various writings, such as email communications, are sufficient to constitute an express agreement

that was memorialized on April 26, 2013. (Id. ¶ 8.) The Gearys claim Wells Fargo "materially breached the agreement during or about June 26, 2013[,] when it notified plaintiffs that it was reneging on the express written agreement to lock in plaintiffs' refinanced interest rate at 2.5%." (Id. ¶ 9.)

On May 10, 2017, the Gearys filed a Complaint in the Pennsylvania Court of Common Pleas of Philadelphia County, which Wells Fargo removed to this Court on June 1, 2017.[1] The Gearys' Complaint contains five counts: Count I—Breach of Contract; Count II—Violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons. Stat. § 201-1 *et seq.*; Count III—Promissory Estoppel; Count IV—Breach of Implied-In-Fact Agreement; and Count V—Violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* (Compl.) On June 8, 2017, Wells Fargo filed the instant Motion to Dismiss seeking dismissal of Counts II and V of the Complaint.[2]

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). In deciding a motion to dismiss under Rule 12(b)(6), courts must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant." Davis v. Wells Fargo, 824 F.3d 333, 341 (3d Cir.

---

[1] We have jurisdiction under 28 U.S.C. §§ 1331 and 1332.

[2] Wells Fargo's Motion is entitled, "Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss the Complaint." (Def.'s Mot. to Dismiss) However, it is clear that Wells Fargo seeks only dismissal of Counts II and V of the Complaint, not the Complaint in its entirety. (Id.; see also Def.'s Mem. Support Mot. to Dismiss at 1.)

2016) (quoting Foglia v. Renal Ventures Mgmt., LLC, 754 F.3d 153, 154 n.1 (3d Cir. 2014)) (internal quotation marks omitted). However, courts need not "accept mere[] conclusory factual allegations or legal assertions." In re Asbestos Prods. Liab. Litig. (No. VI), 822 F.3d 125, 133 (3d Cir. 2016) (citing Iqbal, 556 U.S. at 678-79). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Twombly, 550 U.S. at 555. Finally, we may consider "only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon [those] documents." Davis, 824 F.3d at 341 (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)) (internal quotation marks omitted).

### III. DISCUSSION

#### A. Count II: Violation of the UTPCPL

There is a private right of action under the UTPCPL to "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act." 73 Pa. Cons. Stat. § 201-9.2(a) (footnote omitted). Wells Fargo argues that the UTPCPL claim must be dismissed because the Gearys did not purchase or lease any goods or services. (Def.'s Mem. Support Mot. to Dismiss at 4.) In other words, Wells Fargo claims that the Gearys do not have a private right of action under the UTPCPL because the gravamen of their Complaint is that Wells Fargo refused to complete the mortgage refinance transaction, and thus, the Gearys are not "purchasers" or "lessors" of goods or services. We agree.

Although the UTPCPL does not define the term "purchaser," the United States Court of Appeals for the Third Circuit ("Third Circuit") has recognized that "the statute unambiguously

permits only persons who have purchased or leased goods or services to sue." Balderston v. Medtronic Sofamor Danek, Inc., 285 F.3d 238, 241 (3d Cir. 2002) (quoting Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992)). In Wise v. Am. Gen. Life Ins. Co., the Third Circuit held that "[a] plaintiff who seeks to enter into a contract for purchase but fails to do so may not bring a claim under the UTPCPL, even where the plaintiff is prevented from making the purchase by the defendant's allegedly fraudulent conduct." 459 F.3d 443, 452 (3d Cir. 2006) (citing Lauer v. McKean Corp., 2 Pa. D & C 4th 394, 395-96 (Pa. Com. Pl. 1989)). Accordingly, a plaintiff who fails to make a purchase has no standing to bring an action under the UTPCPL. See id.

In response to Wells Fargo's contention, the Gearys put forth the argument that they did purchase goods or services because their existing mortgage is with Wells Fargo. (Pls.' Resp. to Def.'s Mot. to Dismiss at 2.) However, they disregard the fact that their entire Complaint is predicated on the allegation that they failed to enter into a subsequent transaction with Wells Fargo such that they would have a refinanced interest rate on their mortgage. (Compl. ¶ 9.) The initial transaction with Wells Fargo has nothing to do with this matter. Rather, it is the failure to enter into a subsequent transaction that forms the basis of the Gearys' Complaint, and it is the alleged breach of that subsequent transaction that they claim entitles them to damages. (See id. ¶¶ 9, 10.) Thus, the Gearys are not "purchasers" or "lessors" of any goods or services in this case, and they cannot maintain a claim under the UTPCPL. Further, the deficiency in their Complaint would not be cured by allowing them to amend their pleading. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)). Accordingly, Count II of the Complaint is dismissed with prejudice.[3]

---

[3] Wells Fargo also argues that the UTPCPL claim is subject to dismissal because the economic loss doctrine bars it. (Def.'s Mem. Support Mot. to Dismiss at 6-8.) In Werwinski v. Ford Motor Co., the Third Circuit predicted that the

B.    **Count V: Violation of the TILA**

Wells Fargo also moves to dismiss the Gearys' claim of a violation of the TILA on the basis that it is untimely under the applicable statute of limitations.[4]  Again, we agree.

The limitations on actions in the TILA provides that "any action under this section may be brought . . . *within one year from the date of the occurrence of the violation*," but that "[a]ny action under this section with respect to any violation of section 1639, 1639b, or 1639c of this title may be brought . . . *before the end of the 3-year period beginning on the date of the occurrence of the violation*."  15 U.S.C. 1640(e) (emphasis added).  As Wells Fargo notes, the Complaint does not specify which section of the TILA the Gearys are proceeding under, making it unclear whether the one-year or three-year statute of limitations applies.  (Def.'s Mem. Support Mot. to Dismiss at 9.)  But as Wells Fargo also points out, the lack of clarity is immaterial because the Gearys' TILA claim is untimely under both limitations set forth in § 1640(e).

---

Supreme Court of Pennsylvania would hold that UTPCPL claims are barred by the economic loss doctrine.  286 F.3d 661, 681 (3d Cir. 2002).  The decision in Werwinski has been the subject of much criticism.  See, e.g., O'Keefe v. Mercedes-Benz USA, LLC, 214 F.R.D. 266, 275 (E.D. Pa. 2003).  Moreover, since Werwinski was decided, the Superior Court of Pennsylvania decided Knight v. Springfield Hyundai, where the court held that the economic loss doctrine *does not* apply to UTPCPL claims because those claims are statutory, as opposed to claims sounding in negligence.  81 A.3d 940, 951 (Pa. Super. Ct. 2013).  Since Knight was decided, there appears to be an intra-circuit split as to whether Werwinski is still binding.  Some courts have held that Werwinski is binding until the Supreme Court of Pennsylvania or the Third Circuit rules on the issue, whereas other courts have held that it is no longer controlling in light of Knight.  See Yamarick v. Unum Grp., No. 16-6164, 2017 WL 3008751, at *3-4 (E.D. Pa. July 14, 2017) (recognizing the split and collecting cases); Ridolfi v. State Farm Mut. Auto. Ins. Co., 146 F. Supp. 3d 619, 626-27 (E.D. Pa. 2015) (same).  In Dixon v. Nw. Mut., the Superior Court of Pennsylvania recently reaffirmed the principle that the economic loss doctrine does not apply to UTPCPL claims.  146 A.3d 780, 790 (Pa. Super. Ct. 2016).  The court in Dixon also noted that there is tension between the Superior Court's holding in Knight and the Third Circuit's holding in Werwinski, leading to "concern" because courts in Pennsylvania state court and courts in the Third Circuit are following different substantive rules regarding claims brought under the UTPCPL.  Id. at 790 n.12.
    Given that the Gearys do not pass the standing threshold to assert a private right of action under the UTPCPL, we decline to add to the confusion and see no need to address the applicability of the economic loss doctrine.

[4] Although a statute of limitations defense is typically asserted in an answer rather than a motion to dismiss, a statute of limitations defense may be the basis of a motion to dismiss under Rule 12(b)(6) when it appears on the face of the pleading.  See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014); Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 400 n.14 (3d Cir. 2006); Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002); Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978); Bynum v. Trs. of Univ. of Pa., 115 F. Supp. 3d 557, 585 (E.D. Pa. 2015).

The Gearys filed their Complaint on May 10, 2017, which alleges that Wells Fargo "materially breached the agreement during or about *June 26, 2013*[,] when it notified plaintiffs that it was reneging on the express written agreement to lock in plaintiffs' refinanced interest rate at 2.5%." (Compl. ¶ 9.) (emphasis added). Therefore, even assuming the three-year statute of limitations applies in this case, the Gearys' TILA claim is untimely on the face of the Complaint because the latest that the claim could have been filed was June 26, 2016. However, in a last ditch effort to save their TILA claim, the Gearys argue that Wells Fargo's failure to formally deny the two and a half percent loan, after already accepting it, constituted an ongoing violation such that the statute of limitations should be equitably tolled.

The doctrine of equitable tolling applies when a plaintiff has "been prevented from filing in a timely manner due to sufficiently inequitable circumstances." Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005) (quoting Seitzinger v. Reading Hosp. and Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999)). The limitations defined in 15 U.S.C. § 1640(e) are subject to equitable tolling. Ramadan v. Chase Manhattan Corp., 156 F.3d 499, 505 (3d Cir. 1998). There are generally three circumstances where equitable tolling may be appropriate: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action, (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights, or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Wise v. Mortg. Lenders Network USA, Inc., 420 F. Supp. 2d 389, 393-94 (E.D. Pa. 2006) (citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994)). Further, a plaintiff must plead the applicability of the equitable tolling doctrine in order to invoke it. See In re Cmty. Bank of N. Va., 622 F.3d 275, 301 (3d Cir. 2010) (quoting Oshiver, 38 F.3d at 1391).

As noted above, the Gearys' TILA claim is untimely unless the statute of limitations can be equitably tolled. They argue equitable tolling is warranted because Wells Fargo failed to formally deny the two and a half percent refinance loan after having already accepted it. (Pls.' Resp. to Def.'s Mot. to Dismiss at 4.) The Gearys' argument fails for several reasons. First, their Complaint completely contradicts their position that Wells Fargo never formally denied their refinance loan. The Gearys aver that Wells Fargo "materially breached the agreement during or about June 26, 2013[,] *when it notified plaintiffs* that it was reneging on the express written agreement." (Compl. ¶ 9.) (emphasis added). We do not see how Wells Fargo failed to formally deny the refinance loan in light of the Gearys' specific pleading to the contrary. Second, they have not pleaded the equitable tolling doctrine in their Complaint or any facts to form the basis of it. They allege no facts to show that Wells Fargo "actively misled" them or prevented them from asserting their rights in an "extraordinary" way. See Wise, 420 F. Supp. 2d at 393-94 (citing Oshiver, 38 F.3d at 1387). The Gearys raise their equitable tolling argument in their briefing in response to Wells Fargo's Motion to Dismiss; and even there, they fail to provide any details or facts to state a basis for equitable tolling. Rather, the Gearys simply state that equitable tolling is appropriate because Wells Fargo failed to formally deny their refinance loan.

We are mindful that "because the question whether a particular party is eligible for equitable tolling generally requires consideration of evidence beyond the pleadings, such tolling is not generally amenable to resolution on a Rule 12(b)(6) motion." Cmty. Bank of N. Va., 622 F.3d at 301-02 (citing Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006); Reiser v. Residential Funding Corp., 380 F.3d 1027, 1030 (7th Cir. 2004)). However, this is not an instance where a further factual record must be developed in order to determine whether the

Gearys are eligible for equitable tolling. Here, they have specifically pleaded that Wells Fargo explicitly notified them on June 26, 2013, that it was reneging on the alleged prior written agreement. (Compl. ¶ 9.) Accordingly, the Gearys are not eligible for equitable tolling on their TILA claim.

Even giving the Gearys the longer of the statute of limitations under § 1640(e), they had until June 26, 2016, to file a claim under the TILA. See 15 U.S.C. § 1640(e). The Complaint was filed on May 10, 2017. Therefore, their TILA claim is untimely. Due to the specific averment in the Complaint regarding being notified of Wells Fargo's reneging of the alleged agreement, we see no curative effect in allowing the Gearys to amend their pleading. See Phillips, 515 F.3d at 245 (citing Alston, 363 F.3d at 235). Accordingly, Count V of the Complaint is dismissed with prejudice.

### IV. **CONCLUSION**

The basis of the Gearys' Complaint is that Wells Fargo failed to refinance their mortgage in breach of an express written agreement. Because Wells Fargo never actually went through with the refinance transaction, the Gearys did not "purchase" or "lease" any goods or services. Accordingly, they have no private right of action under the UTPCPL, and Count II of their Complaint is dismissed with prejudice.

The Gearys aver that Wells Fargo notified them on June 26, 2013, that it was reneging on the alleged express written agreement to refinance their mortgage. Even assuming the three-year statute of limitation in the TILA applies, the Gearys' claim is untimely. Further, they are not eligible for equitable tolling, nor would there be utility or equity in allowing them to amend their Complaint. Accordingly, Count V of the Complaint is dismissed with prejudice.

An appropriate Order follows.